## CHARLES FAUST vs. LUTHER LATHROP.

A defendant appealed from a Justice's Court and succeeded in the Circuit. *Held*, that he has a right to tax as part of his costs, both the amount paid the Justice on the appeal and those costs he would have recovered had he succeeded in the Court below.

*Wayne Circuit, October*, 1870.

*Otto Kirchner*, for Plaintiff.
*Irvin Palmer*, for Defendant.

*By the Court*, PATCHIN, J.—This is an appeal case brought to this Court by the defendant, who succeeded therein, and was awarded costs, and the question now arises as to the amount which the defendant appellant is entitled to tax.

The law of 1863 provides that "whenever a payment shall be rendered by a justice against any party, unless otherwise provided, it shall be with costs of the suit, but the whole amount of all the items of such costs shall not exceed six dollars in all suits upon contract, and in all other cases the whole amount of such costs shall not exceed ten dollars."

The action in this case not being upon contract, the prevailing party had a right to tax the ten dollars which the appellant was compelled to pay in order to effect an appeal.

In the *C. L., Sec.* 3864, it is provided that "whenever costs are awarded to the appellant he shall be allowed to tax as part thereof the *fee* paid to the justice." Under this provision it has always been the practice to tax as part of the appellant's costs in this Court the whole amount paid the justice in order to perfect the appeal, so that in the case under consideration the appellant would have the right to tax the amount of ten dollars paid the justice, as the costs in the case, together with the amount paid him for making his return.

The Laws of 1869, page 33, provide: That in all cases the party prevailing in the Circuit Court may tax, in addition to

other costs, such costs as he would have been entitled to tax had he prevailed in his action in the court below.

It is claimed by the appellant that under this law he is also, in addition to the ten dollars paid by him in the Court below, entitled to tax such other costs as he would have been enltitled to tax, had he succeeded therein, up to the amount of ten dollars.

It is claimed by the appellee that the appellant is confined to the costs actually paid the justice. But it is quite clear that the costs paid the justice were not those which the *appellant* would have been entitled to recover had he succeeded, but those which the *appellee* claimed by reason of *his* succeeding in that Court. It follows, therefore, that the costs referred to in the Laws of 1869 are something more than those paid the justice, and that the statutes taken together plainly allow the appellant to tax as part of his costs in the Circuit Court, both the amount paid the justice on the appeal and those costs which he would have recovered had he succeeded in the Court below.